This is a civil action instituted by the plaintiff to compel a partnership accounting and to liquidate partnership assets. Sadie Baer is only a nominal party defendant. The cause was referred to Jeff D. Johnson, Jr., referee, who duly reported his findings of fact and conclusions of law. The plaintiff entered numerous exceptions to the report and duly tendered issues arising thereon and demanded a jury trial.
The plaintiff, defendant Louis Baer and one Warren in 1925 acquired a large tract of land in Harnett County for speculation and resale. As all of the land was not sold a large part of it was farmed for a number of years. There were deeds inter partes and mortgages given to third parties to secure money which it is not here necessary to recite. On 10 May, 1927, the plaintiff and his wife executed and delivered to Solly *Page 833 
Isaacs a deed with full covenants of warranty, conveying the interest of the plaintiff in said land to said Isaacs. Thereafter, Tract No. 7, which had been sold, was conveyed to the defendant and Mamie I. Goldstein, wife of the plaintiff. This tract was later conveyed to Louis Baer in a partitioning proceedings instituted by him against Mamie I. Goldstein. The Warren interest in said lands was conveyed to the defendant and Mamie I. Goldstein on 18 July, 1928. On 18 January, 1929, Louis Baer, Solly Isaacs and Mamie I. Goldstein executed a lease to said lands to N.M. Johnson. The names of Solly Isaacs and Mamie I. Goldstein were signed to said lease by the plaintiff as agent. All of said lands except Tract No. 7 acquired by the defendant in the proceedings for partition were foreclosed by the trustee in one of the deeds of trust and were conveyed on 14 March, 1931, to the defendant. Thereafter neither plaintiff nor his wife participated in any manner in the control or management of said property.
On the trial of this cause, the plaintiff, admitting that his deed to Solly Isaacs was knowingly executed in the form of a deed, undertook to show that there was an understanding between him and Isaacs that said deed should be held as security for amounts due Isaacs.
This action was instituted 23 May, 1935.
At the conclusion of all the evidence the court below, on renewal of the defendant's motion to nonsuit, entered judgment dismissing the action as of involuntary nonsuit. The plaintiff excepted and appealed.
The uncontradicted testimony discloses that at the time of the institution of this action plaintiff had no interest in the lands and alleged partnership properties which are the subject matter of this suit. He had conveyed the same to his brother-in-law, Solly Isaacs, and had thereafter recognized and ratified the title of the grantee by signing a lease to the property in the name of the grantee. He cannot collaterally attach said deed in this action. Nor can he reform the same in a cause in which neither his wife nor the grantee is a party.
Even if the plaintiff be permitted to show title to the property in direct conflict with his own deed, he has waited more than four years since the partnership property was sold under foreclosure before bringing this action and he has offered no evidence which would repel the running of the statute of limitations.
We concur in the view of the court below that upon all the evidence the plaintiff has failed to establish a cause of action.
Affirmed. *Page 834